*E-FILED - 9/29/08*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JUAN M. HAINES, | ) | No. C 06-2211 RMW (PR) |
| | ) | |
| | ) | ORDER GRANTING |
| Plaintiff, | ) | DEFENDANTS' MOTION FOR |
| | ) | SUMMARY JUDGMENT |
| vs. | ) | |
| | ) | |
| W. HILL, et al., | ) | |
| | ) | (Docket Nos. 17, 25) |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff filed this pro se civil rights complaint pursuant to 42 U.S.C. § 1983, alleging that officials at the Correctional Training Facility in Soledad violated his First Amendment right to access the courts. Defendants move for summary judgment, arguing that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law.[1] Plaintiff has filed a cross-motion for summary judgment as well as an opposition. Defendants have filed a reply to the opposition.

After a review of the record, the court concludes that plaintiff has not shown evidence that precludes summary judgment. Accordingly, the court GRANTS defendants' motion for

---

[1] Defendants also contend that they are protected by the doctrine of qualified immunity. Because the court finds that defendants are entitled to judgment as a matter of law on other grounds, the court need not reach the question of qualified immunity.

summary judgment.

## BACKGROUND[2]

On July 29, 2005, plaintiff attempted to mail documents to the California Government Claims Board ("Claims Board") (Complaint at 3). The mail was subsequently returned to him with a note from an unknown mailroom employee.[3] The note stated that the mail was not considered "legal mail," plaintiff did not have sufficient funds in his account to mail the documents, and it gave plaintiff instructions to provide stamps for mailing. (Complaint at 3; Grannis Decl., Ex. B., p. 7.)

On August 6, 2005, plaintiff filed an informal level appeal through the prison's administrative grievance process. (Grannis Decl., Ex. B., p. 4.) He requested that prison officials mail his documents to the Claims Board and admit to violating his First Amendment rights by failing to mail the documents earlier. (Id.) On August 11, 2005, his informal appeal was denied. (Id.) Thereafter, he filed an appeal to the first formal level with the same request. (Grannis Decl. Ex. B., p. 6.) The first level reviewer granted his appeal, finding that mail to the Claims Board is "legal mail" that plaintiff was entitled to have mailed. (Id.) On September 16, 2005, plaintiff filed a second level appeal, claiming that although his first level appeal was granted, it failed to provide an appropriate remedy or direction. (Grannis Decl. Ex. B, p. 5.) Defendants W. Hill and A.P. Kane denied plaintiff's second level appeal and set aside the first level appeal's findings. (Grannis Decl., Ex. B., p 8-10.) On November 2, 2005, plaintiff appealed to the Director's Level, claiming that the second level response violated his First Amendment right to access the courts and requested a finding of a First Amendment violation. (Grannis Decl., Ex. B, p. 5.) Defendant N. Grannis granted plaintiff's appeal in part, finding that prison regulations required the mailroom to mail the documents to the Claims Board. (Grannis

---

[2] The following facts are undisputed unless otherwise noted.

[3] Plaintiff included this employee as defendant "John Doe" in his complaint. In the court's November 6, 2007 order to show cause, the court dismissed defendant "John Doe" without prejudice, and with leave to amend if plaintiff subsequently discovered his name. Plaintiff never sought leave to amend for this purpose.

1 Decl., Ex. B., p. 2-3.)  Defendant N. Grannis also noted that plaintiff's appeal no longer
2 requested that his mail be mailed to the Claims Board, but nevertheless granted the appeal to
3 acknowledge that the mailroom was in error in rejecting plaintiff's mail to the Claims Board as
4 legal mail.  (Id.)

5 Plaintiff argues that defendants violated his First Amendment right to access the courts
6 by failing to mail his documents to the Claims Board.  According to plaintiff, he needed to mail
7 the documents to the Claims Board in order to exhaust his administrative remedies with respect
8 to the claims contained therein prior to raising such claims in court.  Plaintiff claims that because
9 of defendants, the documents still have not been mailed.  (Complaint, p. 3; Plaintiff's Obj. To
10 Motion for Summary Judgment ("MSJ"), Decl. Haines, p. 1.)

**DISCUSSION**

A. Standard of Review

Summary judgment is proper where the pleadings, discovery and affidavits demonstrate that there is "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  Material facts are those which may affect the outcome of the case.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party.  Id.

The party moving for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery and affidavits which demonstrate the absence of a genuine issue of material fact.  Celotex Corp. v. Cattrett, 477 U.S. 317, 323 (1986).  Where the moving party will have the burden of proof on an issue at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party.  But on an issue for which the opposing party will have the burden of proof at trial, as is the case here, the moving party need only point out "that there is an absence of evidence to support the nonmoving party's case."  Id. at 325.

Once the moving party meets its initial burden, the nonmoving party must go beyond the pleadings and, by its own affidavits or discovery, "set forth specific facts showing that there is a

genuine issue for trial." Fed. R. Civ. P. 56(e).  The court is only concerned with disputes over material facts and "factual disputes that are irrelevant or unnecessary will not be counted." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  It is not the task of the court to scour the record in search of a genuine issue of triable fact. Keenan v. Allen, 91 F.3d 1275, 1279 (9th Cir. 1996).  The nonmoving party has the burden of identifying, with reasonable particularity, the evidence that precludes summary judgment. Id.  If the nonmoving party fails to make this showing, "the moving party is entitled to judgment as a matter of law." Celotex Corp v. Catrett, 477 U.S. at 323.

B.   Plaintiff's Claim

Plaintiff claims that defendants refused to mail his documents to the Claims Board, violating his First Amendment right to access the courts.

Prisoners have a constitutional right of access to the courts. See Lewis v. Casey, 518 U.S. 343, 350 (1996); Bounds v. Smith, 430 U.S. 817, 821 (1977).  The Supreme Court clarified the nature of the denial of access claim. See Christopher v. Harbury, 536 U.S. 403 (2002).  In Christopher, the Supreme Court distinguishes between forward-looking and backward-looking claims. Id. at 414. The Supreme Court notes that in order to state a claim for backward-looking denial of access, a party must identify in the complaint (1) the loss of a "nonfrivolous," "arguable" underlying claim; (2) the official acts frustrating the litigation; and (3) a remedy that may be awarded as recompense but that is not otherwise available in a future suit. Id. at 415; Phillips v. Hust, 477 F.3d 1070, 1076 (9th Cir. 2007) (citation and internal quotation omitted).

   1.   Loss of nonfrivolous underlying claim

Defendants assert that they are entitled to summary judgment because plaintiff failed to allege any adverse effect or actual injury from the mail delay. (Defs.' MSJ, p. 6-7.)  Plaintiff responds that defendants should have known that he needed to mail documents to the Claims Board in order to exhaust his administrative remedies. (Plaintiff's Opp. To Defs.' MSJ, p. 3-4.) Plaintiff states that by failing to mail his documents, defendants frustrated his ability to pursue a "non-frivolous claim" to the Claims Board. (Id.)

The first element of demonstrating a lost opportunity to present a legal claim requires that

1  plaintiff show he suffered an "actual injury" caused by the defendants. Phillips, 477 F.3d at
2  1076. In other words, plaintiff must show that defendants' acts caused "actual prejudice with
3  respect to contemplated or existing litigation." Id. (quotations and citation omitted.) When the
4  denial of access to courts claim is "backward-looking," as here, plaintiff must demonstrate the
5  loss of an underlying claim. See Id.

6  Here, plaintiff has failed to demonstrate actual prejudice; that is, the loss of an underlying
7  claim. It is undisputed that once plaintiff's mail was returned to him but before he began filing
8  his administrative appeals, plaintiff did not again attempt to mail the documents to the Claims
9  Board. (Plaintiff's Opp. To Defs.' MSJ, Decl. Haines, p. 1.) However, plaintiff provides no
10 evidence that had he submitted his documents to the mailroom for mailing at any time after his
11 first administrative appeal was granted, the Claims Board would have rejected them as untimely,
12 or that he would otherwise have been prevented from proceeding with his claim. See Phillips,
13 477 F.3d at 1076. In other words, plaintiff does not demonstrate that he was actually injured by
14 the loss of an opportunity to raise the underlying claim. Id.

15 Furthermore, it appears that plaintiff's own actions precluded his claim from reaching the
16 Claims Board. Plaintiff's own words concede that he never attempted to mail his legal mail at
17 any time after initiating the administrative grievance procedure, and in fact, is still in possession
18 of the documents. (Plaintiff's Opp. To Defs.' MSJ, Decl. Haines, p. 1.) Specifically, plaintiff
19 admits that he did not re-submit the documents for mailing because he believed that prison
20 officials would not mail them. (Id.) Furthermore, the evidence herein suggests that had plaintiff
21 re-submitted his documents for mailing, the prison mailroom would have mailed them,
22 especially in light of the fact that at the first formal level of appeal, his appeal was granted, and
23 at the director's level, defendant N. Grannis issued an order to ensure compliance with the
24 decision that mail to the Claims Board is considered "legal mail." (Grannis Decl., Ex. B, p. 3.)

25 Accordingly, plaintiff fails to demonstrate that he suffered any actual prejudice because
26 he lost his opportunity to file his claim with the Claims Board. Phillips, 477 F.3d at 1076.
27 Plaintiff has not alleged facts supporting a claim that he has suffered actual prejudice as a result
28 of defendants' actions. Cf. Id. (concluding that defendants' refusal to allow plaintiff to access a

comb-binding machine hindered his ability to timely file a petition for certiorari, causing actual prejudice).

In addition, plaintiff's underlying claim to the Claims Board appears to be frivolous. See Lewis, 518 U.S. at 353, n.3. Plaintiff asserts that he was exhausting his administrative remedies to the Claims Board in order to file a state civil rights suit or state tort action. (Pl. Opp. To MSJ, p. 4.) Specifically, his underlying claim was that prison officials at Calpatria State Prison failed to timely mail his legal mail to the United States Supreme Court, thereby causing his application for an extension of time to file a writ of certiorari to be denied as untimely.[4] (Id., Ex. A., p. 10-11.) A review of plaintiff's administrative appeals leading up to the underlying attempt to file with the Claims Board reveals that on May 20, 2004, plaintiff gave to prison officials an application for extension of time to file a petition for certiorari for mailing to the Supreme Court. (Id., p. 13.) The Supreme Court received the application on June 2, 2004, and rejected it as untimely, stating that the deadline for any request for extension was on May 26, 2004. (Id., Ex. B, p. 29.) Plaintiff's administrative appeals decisions indicate that prison officials mailed the petition on May 21, 2004, one day after petitioner gave it to them. (Id., Ex. A, p. 17.) Under these circumstances, the untimeliness of the certiorari petition was not caused by prison officials, nor is there any evidence that prison officials were responsible for any wrongdoing. Based on the evidence before the administrative appeals and the findings made, the court finds plaintiff's underlying claim to the Claims Board is frivolous. See Phillips, 477 F.3d at 1076.

Accordingly, in light of plaintiff's failure to demonstrate actual injury or the loss of a non-frivolous underlying claim, defendants are entitled to summary judgment on this claim.

2.  Proximate cause

Alternatively, even if plaintiff could satisfy the first element of demonstrating "actual injury," he fails to demonstrate the second element of a denial of access to the courts. The second element of demonstrating the official acts that are frustrating the litigation requires that plaintiff show defendants proximately caused the alleged violation of plaintiff's rights. See

---

[4] Plaintiff's writ would have requested review of the Ninth Circuit's affirmance of the denial of plaintiff's 28 U.S.C. § 2254 petition. (Id., Ex. A, p. 23.)

Order Granting Defendants' Motion for Summary Judgment
P:\PRO-SE\SJ.Rmw\CR.06\Haines211msjgrant.wpd    6

Phillips, 477 F.3d at 1077.

Plaintiff submits no evidence that defendants proximately caused the alleged civil rights violation. The named defendants' roles in plaintiff's case come only during the administrative grievance procedure. Specifically, defendants W. Hill and A.P. Kane were the second level reviewers in plaintiff's administrative appeal. Defendant N. Grannis was the director's level reviewer in plaintiff's administrative appeal. Plaintiff concedes that the alleged violation of his First Amendment right to access the courts occurred prior to the time when defendants became involved. Specifically, plaintiff admits that "prior to the grievance process, plaintiff's First Amendment Right to access the courts were impeded and frustrated . . . defendants have not specifically provided plaintiff with a meaningful remedy for their obstruction to the courts . . ." (Emphasis added.) (Plaintiff's Opp. To Defs.' MSJ, p. 4.)

Even assuming plaintiff was denied access to the courts, there is not a clear cause and effect relationship between defendants actions and any actual injury. There is no evidence that defendants denied plaintiff the opportunity to mail his legal mail. While plaintiff initially had his legal mail returned to him improperly, the named defendants were not the mailroom employees who were responsible for that action. The undisputed evidence shows that plaintiff filed his grievances, received two responses finding in favor of plaintiff and ruling that the mailroom should have mailed his legal mail without requiring plaintiff to provide stamps, and thereafter, plaintiff never submitted his mail to the Claims Board to the mail room or defendants, and never asked defendants to mail his legal mail. As a result, the named defendants did not cause plaintiff's documents to not be mailed, and they are entitled to judgment as a matter of law.

## CONCLUSION

The court concludes that plaintiff has failed to raise a genuine issue of material fact as to the allegation that defendants violated his constitutional right to access the courts and that defendants are entitled to judgment as a matter of law. Accordingly, defendants' motion for summary judgment (docket no. 25) is GRANTED.

In light of the granting of this motion, plaintiff's motion for summary judgment (docket no. 17) is DENIED.

1  The clerk shall enter judgment and close the file.
2  IT IS SO ORDERED.
3  DATED: 9/29/08

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

Order Granting Defendants' Motion for Summary Judgment
P:\PRO-SE\SJ.Rmw\CR.06\Haines211msjgrant.wpd    8